IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANELLE TAYLOR, | ) | CASE NO. 1:06-CV-02037-JDB |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **DEFENDANTS JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC. AND JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC 'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| JOHNSON & JOHNSON, et al., | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |
| | ) ) ) | (JURY DEMAND ENDORSED HEREON) |

Defendants Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), Johnson & Johnson ("J&J"), and Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("J&JPRD"), (collectively referred to herein as "Defendants"), by and through its undersigned counsel, hereby responds to the Complaint (the "Complaint") filed by Plaintiff as follows:

## PARTIES

1. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Defendants deny that Ortho Evra® was the cause of Plaintiff's injuries. Defendants otherwise are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3, Defendants admit that J&J is incorporated in New Jersey and has its principal place of business in New Brunswick, New Jersey. Defendants

further admit that Ortho-McNeil is a subsidiary of J&J, and that J&JPRD is a limited liability company of which Ortho-McNeil is the sole member. Defendants otherwise deny the allegations contained in Paragraph 3 of the Complaint

4.  Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.  In response to Paragraph 5, Defendants admit that Ortho-McNeil is incorporated in Delaware and has its principal place of business in Raritan, New Jersey. Defendants further admit that Ortho-McNeil is a subsidiary of J&J. Defendants otherwise deny the allegations contained in Paragraph 5 of the Complaint.

6.  In response to Paragraph 6 of the Complaint, Defendants admit that Ortho-McNeil and/or J&JPRD designed, manufactured, distributed, sold, marketed and introduced into interstate commerce the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.  In response to Paragraph 7 of the Complaint, Defendants state that defendant J&JPRD is a New Jersey limited liability company of which defendant Ortho-McNeil is the sole member and has its principal place of business in Raritan, New Jersey. Defendants otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.  In response to Paragraph 8 of the Complaint, Defendants admit that Ortho-McNeil and/or J&JPRD designed, manufactured, distributed, sold, marketed and introduced into interstate commerce the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of plaintiff's Complaint contains a legal conclusion to which no response is required.

11. In response to Paragraph 11 of the Complaint, Defendants deny that Ortho Evra® was the cause of Plaintiff's injuries. Defendants otherwise are without sufficient knowledge to form a belief as to where plaintiff resides or was allegedly injured. The remainder of Paragraph 11 of plaintiff's Complaint contains legal conclusions to which no response is required.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Ortho-McNeil and/or J&JPRD designed, developed, tested, manufactured, distributed, sold, promoted, marketed and introduced into interstate commerce the prescription contraceptive product known as Ortho Evra®. Defendants are without sufficient knowledge to form a belief as to where plaintiff was allegedly injured and received treatment. Defendants otherwise deny the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of plaintiff's Complaint contains a legal conclusion to which no response is required.

14. Paragraph 14 of plaintiff's Complaint contains a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

15.     In response to Paragraph 15 of the Complaint, Defendants deny that Ortho Evra® was the cause of Plaintiff's injuries. Defendants otherwise are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     In response to Paragraph 16 of the Complaint, Defendants admit that defendant Ortho-McNeil markets Ortho Evra® as the first and only once-a-week birth control patch. Defendants otherwise deny the allegations contained in Paragraph 16 of the Complaint.

17.     In response to Paragraph 17 of the Complaint, Defendants admit when properly prescribed and used correctly, Ortho Evra® is as effective as birth control pills. Defendants otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18.     In response to Paragraph 18 of the Complaint, Defendants admit that on the Ortho Evra® Website, it states that Ortho Evra® works in several ways to help prevent pregnancy including:

> "●     It helps prevent ovulation, which means that an egg is not released by one of your ovaries for fertilization.
> ●     It thickens cervical mucus so that sperm are less likely to enter your uterus.
> ●     It causes changes in the endometrium to reduce the likelihood of implantation."

Defendants otherwise deny the allegations contained in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Defendants admit that on the Ortho Evra® Website, it states that: "The transdermal - or 'through the skin' - weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the

bloodstream." Defendants otherwise deny the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendants admit that on the Ortho Evra® Website, it states that: "In clinical trials, the most frequent adverse events leading to discontinuation in 1.0% to 2.4% of women included nausea and/or vomiting, application site reaction, breast symptoms, headache, and emotional liability." The Website further states that: "Most side effects of the contraceptive patch are not serious, and those that are occur infrequently. Serious risks that can be life-threatening include blood clots, stroke or heart attacks which are increased if you smoke cigarettes." Defendants otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendants deny that Ortho Evra® is more likely to cause blood clots than oral contraceptives. Defendants otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendants state that the actions and publications of the FDA speak for themselves. Defendants otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants admit that such Paragraph describes certain language of the prescribing information for Ortho Evra® and, to the extent Paragraph 23 alleges improper conduct on the part of Defendants, Defendants deny such allegations.

24. In response to Paragraph 24 of the Complaint, Defendants admit that such Paragraph describes certain language of the prescribing information for Ortho Evra® and, to the

extent Paragraph 24 alleges improper conduct on the part of Defendants, Defendants deny such allegations.

25. In response to Paragraph 25 of the Complaint, Defendants admit that such Paragraph describes certain language of the prescribing information for Ortho Evra® and, to the extent Paragraph 25 alleges improper conduct on the part of Defendants, Defendants deny such allegations.

26. To the extent that Paragraph 26 refers to the state of mind of Plaintiff and others, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants are further without sufficient knowledge to form a belief as to the truth of whether Ortho Evra® was prescribed for Plaintiff, and if so, when Ortho Evra® was prescribed. Defendants otherwise deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. To the extent Paragraph 27 alleges improper conduct on the part of Defendants, Defendants deny such allegations.

28. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. To the extent Paragraph 28 alleges improper conduct on the part of Defendants, Defendants deny such allegations.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 refers to the state of mind of Plaintiff and others, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants otherwise deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

**GENERAL ALLEGATIONS CONCERNING PLAINTIFF AND HER DAMAGES**

38. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint, Defendants are without sufficient knowledge to form a belief as to whether plaintiff used Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**COUNT I - NEGLIGENCE**

43. In response to Paragraph 43 of the Complaint, Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in Paragraph 43 of the Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

44. In response to Paragraph 44 of the Complaint, Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in Paragraph 44 of the Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in Paragraph 47 of the Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

**COUNT II – STRICT LIABILITY/RESTATEMENT OF TORTS §402A**

51. In response to Paragraph 51 of the Complaint, Defendants admit that Ortho-McNeil manufactured the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendants admit that Ortho-McNeil sold the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, Defendants admit that Ortho-McNeil sold the prescription contraceptive product known as Ortho Evra®. Defendants are

without sufficient knowledge to form a belief as to whether plaintiff was prescribed and used Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, Defendants admit Ortho Evra® was expected to reach consumers without substantial change in the condition in which it was sold. Defendants otherwise deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

## COUNT III – RESTATEMENT OF TORTS §402B

60. In response to Paragraph 60 of the Complaint, Defendants admit that Ortho-McNeil sold the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65 refers to the state of mind of Plaintiff, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

### COUNT IV – FRAUD

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. To the extent that Paragraph 72 refers to the state of mind of Plaintiff, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73. To the extent that Paragraph 73 refers to the state of mind of Plaintiff, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants otherwise deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

## COUNT V – EXPRESS WARRANTIES

75. In response to Paragraph 75 of the Complaint, Defendants admit that Ortho-McNeil and/or J&JPRD designed, tested, manufactured, distributed, sold, and promoted the prescription contraceptive product known as Ortho Evra®, which was expected to reach consumers without substantial change in the condition in which it was sold. Defendants otherwise deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

## COUNT VI – IMPLIED WARRANTIES

80. In response to Paragraph 80 of the Complaint, Defendants admit that Ortho-McNeil and/or J&JPRD designed, tested, manufactured, distributed, sold, and promoted the prescription contraceptive product known as Ortho Evra®, which was expected to reach consumers without substantial change in the condition in which it was sold. Defendants otherwise deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

**COUNT VII – VIOLATION OF THE D.C. DECEPTIVE TRADE PRACTICES ACT**

85. In response to Paragraph 85 of the Complaint, Defendants admit that Ortho-McNeil sold the prescription contraceptive product known as Ortho Evra®. Defendants otherwise deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint and controvert the prayer for relief set forth in this Paragraph.

**COUNT VIII – FAILURE TO WARN/RESTATEMENT OF TORTS §388**

89. In response to Paragraph 89 of the Complaint, Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in Paragraph 89 of the Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

**COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

## COUNT X – PUNITIVE DAMAGES

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

## COUNT XI – DAMAGES

99.     Defendants deny that Plaintiff is entitled to any damages whatsoever and otherwise deny the allegations and controvert the prayers for relief contained in Paragraph 99 of the Complaint and the unnumbered Paragraph following it.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, statute of repose and/or by the equitable doctrines of laches and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, release and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

## SIXTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiff has suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident or preexisting condition, without any negligence and culpable conduct by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration, omission or fault of one or more persons or entities over whom Defendants exercised no control and for whom Defendants are not legally responsible, including, without limitation, Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Learned Intermediary Doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The product at issue in this case falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Federal Food & Drug Administration, and therefore, Federal law preempts Plaintiff's claim.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to Defendants of any alleged breach of warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the District of Columbia, and any other state whose law is deemed to apply in this case.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of product defects are barred by Section 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's product liability claims are barred because the benefits of the relevant product outweighed its risks.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the District of Columbia.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case against Defendants is barred to the extent that the amount of such an award violates the Constitution of the United States or the Constitution of the District of Columbia.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with specificity.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants are entitled to a setoff for all amounts paid, payable by or available from collateral sources.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to amend their Answer by adding defenses, counterclaims, cross claims or by instituting third party actions as additional facts are obtained.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff sustained any or all of the injuries, losses or damages complained of, which these answering Defendants deny, then said injuries, losses, and damages were directly and proximately caused by the failure of Plaintiff to exercise due care to avoid injury to herself.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Should it be determined at trial that these answering Defendants were negligent, said negligence being herein expressly denied, the negligence attributable to Plaintiff precludes recovery by Plaintiff based upon the doctrine of contributory negligence.

**WHEREFORE**, having fully answered, Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC and Ortho-McNeil Pharmaceutical, Inc. specifically controvert Plaintiff's Prayer for Relief including Paragraphs (a) through (i).

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | /s/ William H. Robinson, Jr. |
| SUSAN M. SHARKO | WILLIAM H. ROBINSON, JR. |
| Drinker Biddle & Reath LLP | Wright Robinson Osthimer & Tatum |
| 500 Campus Drive | 5335 Wisconsin Avenue, N.W., Suite 920 |
| Florham Park, New Jersey 07932 | Washington, D.C. 20015 |
| Telephone:    973-360-1100 | Telephone:   202-244-4668 |
| Facsimile:    973-360-9831 | Facsimile:   202-244-5135 |

*Attorneys for Defendants*
*Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Ortho-McNeil Pharmaceutical, Inc.*

## JURY DEMAND

Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Ortho-McNeil Pharmaceutical, Inc. hereby demand a trial by jury of all of the facts and issues in this case pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

/s/ William H. Robinson, Jr.
_____
WILLIAM H. ROBINSON, JR.
Attorneys for Defendants
*Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Ortho-McNeil Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this 29th day of January 2007, a copy of ***Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Ortho-McNeil Pharmaceutical, Inc. Answer to Plaintiffs' Complaint*** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ William H. Robinson, Jr.
_____
WILLIAM H. ROBINSON, JR.
Attorneys for Defendants
*Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Ortho-McNeil Pharmaceutical, Inc.*